UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 6: 05-30-DCR |
| | ) | Civil Action No. 6: 06-352-DCR |
| V. | ) | |
| | ) | |
| ROBERT N. DEMLING, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Petitioner. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant/Petitioner Robert N. Demling's ("Demling") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2255. According to local practice, the matter was referred to United States Magistrate Judge Robert E. Wier for the preparation of a Recommendation Disposition under 28 U.S.C. §636(b)(1)(B). Following review, the Magistrate Judge recommended that Demling's petition be denied, with prejudice, that his request for an evidentiary hearing be denied, and that a certificate of appealability issue regarding his claim for ineffective assistance of counsel.

Demling filed objections to the Magistrate Judge's Recommended Disposition on June 11, 2007, August 15, 2007, and again on September 4, 2007, raising the same arguments he raised in his initial briefs and supplementing his claim for ineffective assistance of counsel with affidavits. Having reviewed these objections and the attachments, the record before the Court, and the relevant law *de novo*, this Court agrees with the Magistrate Judge's recommendations.

Accordingly, Demling's petition will be denied. However, the Court will issue a certificate of appealability on Demling's claim for ineffective assistance of counsel.

## I.     Factual Background

On September 1, 2006, Demling was charged in four counts of a forty-three count superceding indictment resulting from the United States' investigation into an extensive drug conspiracy known as the "Kenny Day Organization." The relevant counts charged that Demling conspired with others to possess with intent to distribute 1,000 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841 and 846 (Count 2), and that he knowingly and intentionally distributed marijuana on April 27, 2005, in violation of 21 U.S.C. § 841 (Count 20). The remaining two forfeiture counts involved property and proceeds allegedly related to the drug trafficking conspiracy.

On October 24, 2005, Demling plead guilty to all four counts charged in the Indictment. In his plea agreement, Demling acknowledge that he conducted numerous marijuana transactions with Kenny Day and another co-Defendant, Terry Holland.[1] Additionally, Demling admitted that, during the course of the conspiracy, he received between 2,500 and 5,000 pounds of marijuana from Day and his associates. He was sentenced on February 13, 2006, to a total term of 200 months imprisonment and ten years of supervised release.

At the sentencing hearing, the Court determined that the applicable guideline range was 121 to 151 months, based on a total offense level of 29 and a criminal history category of IV. The United States moved for a downward departure pursuant to § 5K1.1 and 18 U.S.C. §

---

[1] Pursuant to his plea agreement, Demling waived his right to appeal or collaterally attack his guilty plea and conviction.

3553(e), based on Demling's cooperation. However, because a mandatory minimum sentence of 240 months applied to Count 2 (the conspiracy count), the Court departed from the mandatory minimum rather than the guideline range. The Court departed by 40 months, resulting in the total term of imprisonment of 200 months.

Following the sentencing hearing, Demling met with his attorneys, Barbara C. Carnes and William G. Crabtree, to discuss the possibility of an appeal. Apparently, Demling desired to appeal, but his counsel advised him that they did not believe he had any valid grounds to appeal. After discussing the matter, Demling understood his counsels' concerns and agreed not to appeal. [Record Nos. 778, 804, 878] However, Demling claims that he changed his mind and that he and his family attempted to contact his counsel several times over the next few days to express Demling's desire to appeal.

In his petition, Demling asserts three claims for habeas relief. First, he contends that his counsel provided ineffective assistance by failing to perfect his appeal. Second, he asserts that the Court erred in sentencing him because it departed from the mandatory minimum rather than the recommended guideline range. Finally, Demling claims that his sentence was unlawful because the Court considered three prior DUI convictions in calculating his criminal history score.

In his Recommended Disposition, the Magistrate Judge found that Demling failed to give his counsel "express instructions" to file an appeal, and that a defendant's "desire to appeal" was insufficient to trigger a constitutional issue under *Regalado v. United States*, 334 F.3d 520, 524 (6th Cir. 2003). The Magistrate Judge noted that Demling had requested additional time to

obtain affidavits to substantiate his claims, but failed to ever file a Reply. Additionally, the Magistrate Judge found that Demling's claims regarding the Court's departure from the mandatory minimum and its consideration of three prior DUI convictions were without merit under *United States v. Stewart*, 306 F.3d 295 (6th Cir. 2002). However, because the Magistrate Judge concluded that a hypothetical "jurist" could find the Sixth Amendment issue debatable, he recommended that a certificate of appealability issue as to that limited issue.

Following the Magistrate Judge's review, the United States tendered a Reply which was previously received by its office from Demling. [Record No. 861] The Court afforded Demling an opportunity to supplement the record and explain why his Reply was never filed in the Court's record, but Demling failed to offer any explanation. [Record Nos. 865, 869] Accordingly, the Magistrate Judge issued a Supplement to the Recommended Disposition, noting Demling's failure to explain the deficiency and concluding that his recommendation remained unchanged because "Demling has presented no argument or request related to the previously-unfiled reply brief." [Record No. 873]

To date, Demling has still failed to explain why the Reply brief was never filed in the record. However, he has tendered the brief and an attached affidavit relating to calls made on his behalf to his counsel and the Assistant United States Attorney. [Record No. 877] Additionally, he has submitted two sets of objections to the Magistrate Judge's Recommended Disposition. [Record Nos. 856, 878]

## II.     Legal Standard

Under 28 U.S.C § 2255, "[a] prisoner in custody . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. In making such a petition, a prisoner may claim that the sentence was imposed in violation of the Constitution or federal law, that the court was without jurisdiction to impose the sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. *Id.* "To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citations omitted). Additionally, "[t]o prevail on a § 2255 motion alleging non-constitutional error, the petitioner must establish a 'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Id.* (citations omitted).

## III.    Analysis

A district court must make a *de novo* determination of those portions of a magistrate judge's recommended disposition to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In the present case, the majority of Demling's objections relate to the Magistrate Judge's determination that his counsel was not ineffective for failing to perfect an appeal because

Demling failed to expressly instruct that an appeal be filed. According to Demling, the Magistrate Judge's narrow reading of *Regalado* is contrary to the Supreme Court's holding in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000).

To succeed on an ineffective assistance of counsel claim, a defendant must prove that his counsel's performance was deficient and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Ineffective assistance under *Strickland* is deficient performance, with performance being measured against an 'objective standard of reasonableness,' 'under prevailing professional norms.'" *Id.* (citations omitted). A petitioner must then show that there is a reasonable probability that, but for counsel's inadequate performance, the results would have been different. *Strickland*, 466 U.S. at 687. The court's scrutiny of counsel's performance is highly deferential, and counsel is strongly presumed to have rendered adequate assistance and have made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 689; *Bigelow v. Williams*, 367 F.3d 562, 570 (6th Cir. 2004).

In the context of an alleged failure to perfect an appeal, it is clearly established that "it is 'professionally unreasonable' for a lawyer to fail to file an appeal when specifically instructed to do so." *Regalado*, 334 F.3d at 524 (quoting *Roe*, 528 U.S. at 477). However, absent specific instructions, an attorney is only required to consult with his or her client about the advantages and disadvantages of an appeal and the client's wishes. *Id*. If, after consultation, a defendant fails to give express instructions to appeal, the defendant cannot meet the first prong of the *Strickland* test because he cannot show that his counsel's performance was deficient. *Id*. at 526.

Here, Demling has failed to ever assert that he expressly instructed his attorneys to file an appeal. It is undisputed that his attorneys consulted with him as required by the Supreme Court in *Roe*, and Demling has failed to offer any evidence or even a bald assertion that he offered "express instructions " to file an appeal on his behalf. Instead, Demling repeatedly asserts that he attempted to contact his attorneys to let them know that he "wanted to appeal the sentence." [Record No. 877, Declaration of Robert Demling] However, this expression of a desire to appeal fails to meet the threshold for deficient performance under *Roe* because the Supreme Court has clearly held that "Counsel performs in a professionally unreasonable manner *only by failing to follow the defendant's express instructions*." *Roe*, 528 U.S. at 478 (emphasis added).

Further, Demling's contention that the Sixth Circuit's holding in *Regalado* is contrary to the Supreme Court's decision in *Roe* is without merit. In *Roe*, the Supreme Court expressly rejected a *per se* rule requiring counsel to file notices of appeal in all criminal cases. *Id*. Rather, the Court held that counsel is required to consult with a defendant, including "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id*. Then, as previously noted, "[i]f counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id*.

In the present case, it is undisputed that Demling consulted with his attorneys after the sentencing and decided not to file an appeal. Although Demling asserts that he repeatedly

contacted his attorneys later to express his desire to appeal, he never claims that he actually instructed his attorneys to file an appeal on his behalf. Therefore, under the Supreme Court's reasoning in *Roe* and the Sixth Cicuit's analysis in *Regalado*, his counsel's performance cannot be considered deficient because they consulted with Demling, and Demling never offered express instructions to file an appeal. Accordingly, Demling cannot meet the first prong under the *Strickland* test and his claim for ineffective assistance must fail.

Demling also objects to the Magistrate Judge's determination that his sentence was proper despite the Court's consideration of three prior DUI convictions and its departure from the mandatory minimum rather than the applicable guideline range. Both these arguments are without merit. First, it is well-established that a district court can calculate a defendants criminal history score based on prior convictions without the defendant admitting to them. *See United States v. Barnett*, 398 F.3d 516, 524-25 (6th Cir. 2005). As the Magistrate Judge noted, the real issue appears to be whether one of the DUIs fell outside the relevant ten year period. *See* U.S.S.G. § 4A1.2E. However, the Court noted this discrepancy at the sentencing hearing and further noted that the single DUI would not change the criminal history category. [Record No. 791, pp 13-14]

Moreover, as the Magistrate Judge noted, any argument concerning the criminal history calculation is irrelevant because the Court was required to start from the mandatory minimum in considering the government's motion for a downward departure. In *United States v. Stewart*, 306 F.3d 295 (6th Cir. 2002), the Sixth Circuit held that the "appropriate starting point for

calculating a downward departure under 18 U.S.C. § 3553(e) is the mandatory minimum sentence itself." *Stewart*, 306 F.3d at 332.

In his objections, Demling does not contest the Magistrate Judge's legal conclusion regarding the application of *Stewart* and the mandatory minimum. Rather, he contends that there were "implicit promises and expectations" and that the sentencing Court failed to properly conduct a colloquy with him regarding the downward departure. [Record No. 878] He claims that "[t]he colloquy in this case was silent in regards to the expectations of Movant as to the departure and its threshold." [Record No. 878]

Rule 11 of the Federal Rules of Criminal Procedure requires that a district court verify that a defendant's plea is voluntary and that the defendant understands his or her applicable constitutional rights, the nature of the crime charged, the consequences of the guilty plea, and the factual basis for concluding that the defendant committed the crime charged. *United States v. Goldberg,* 862 F.2d 101, 106 (6th Cir. 1988); Fed. R. Crim. Pro. 11. In *Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999), the Sixth Circuit held that a trial court's proper plea colloquy cures any misunderstandings that a defendant may have about the consequences of a plea.

Here, the government and the Court carefully instructed the Defendant on the terms of his plea agreement and the law regarding the application of downward departures at the re-arraignment. In summarizing the agreement, the government specifically noted that Demling agreed and acknowledged that if he "provides substantial assistance, the United States will file a motion under 5K1.1 as well as Title 18, Section 3553(e) where I would ask the Court to sentence him below any *mandatory minimum* or Sentencing Guidelines that might otherwise be

applicable." [Record No. 791, p.11 (emphasis added)] In response, Demling clearly asserted that no other promises had been made and that he understood the terms of the agreement. [*Id*. at p. 12] Accordingly, Demling's claim that he did not understand the terms of his agreement or the potential application of the mandatory minimums fails.

**IV.    Evidentiary Hearing**

Demling next objects to the Magistrate Judge's conclusion that an evidentiary hearing is not warranted under the circumstances presented. "A district court may, in the context of a habeas proceeding, permit discovery, provided that the habeas petitioner presents specific allegations showing reason to believe that the facts, if fully developed, may lead the district court to believe that federal habeas relief is appropriate." *Lott v. Coyle*, 261 F.3d 594, 602 (6th Cir. 2001).

Here, although the Court agrees with the Magistrate Judge's conclusion that jurists may differ regarding the Court's application of *Regalado* and *Roe*, there are no facts at issue that would lead the court to believe that habeas relief would be appropriate.   Demling claims that an expression of a desire to appeal is sufficient to establish a constitutional violation, and he repeatedly asserts facts to that effect. The Court has accepted those facts as true, that is, that Demling attempted to contact his attorneys to express his desire to appeal.  However, because Demling has failed to offer any evidence or assertions that he ever actually, expressly instructed his attorneys to appeal, the Court finds that he cannot establish that his counsel's performance was deficient.  Accordingly, no discovery is required because the facts are not in dispute and there are no allegations that would alter the Court's conclusion.

**V.     Certificate of Appealability**

Finally, as previously noted, the Magistrate Judge found that a certificate of appealability should issue on Demling's claim for ineffective assistance of counsel because reasonable jurists could differ regarding the distinction between a "desire to appeal" and "express instructions" to appeal. This Court agrees with the Magistrate Judge's reasoning and analysis. To be entitled to a certificate of appealability, a petitioner must demonstrate that "jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the Court is confident that it and the Magistrate Judge have carefully tracked the language and analysis in *Roe* and *Regalado*, it cannot be said that reasonable jurists could not reach a different conclusion. Therefore, the Court will issue a certificate of appealability as to that issue only.

**VI.     Conclusion**

Accordingly, having reviewed the Magistrate Judge's Recommended Disposition, together with the objections and reply brief filed by Demling, the record, and the applicable law *de novo*, it is hereby

**ORDERED** as follows:

1.     The Recommended Disposition and Supplement to the Recommended Disposition of United States Magistrate Judge Robert E. Wier [Record Nos. 853, 873] are **ADOPTED** and **INCORPORATED** by reference.

2.     Demling's objections [Record Nos. 856, 877, and 878] to the Magistrate Judge's Report and Recommendation are **DENIED**.

3. Demling's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 [Record No. 778] is **DENIED**.

4. Demling's request for an evidentiary hearing is **DENIED** because there are no allegations that, if fully developed, could lead the court to believe that habeas relief is warranted.

5. A certificate of appealability shall issue as to Demling's claim for ineffective assistance of counsel.

6. This judgment is final; and

7. This matter is **STRICKEN** from the active docket.

This 2nd day of January, 2008.

Signed By:
*Danny C. Reeves* DCR
United States District Judge