UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 05-030-DCR-12 |
| | ) | |
| V. | ) | |
| | ) | |
| ROBERT N. DEMLING, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Robert Demling and a number of other individuals were involved in an extensive drug conspiracy in Southeastern Kentucky, spanning a significant period of time. [*See* Record Nos. 853 and 886.]  Demling was personally involved in the marijuana component of the criminal activity.   On October 24, 2005, Demling pleaded guilty to conspiring to distribute 1,000 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count 2 of the second superseding indictment) and to aiding and abetting the possession of marijuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), and 18 U.S.C. § 2 (Count 20 of the second superseding indictment).  [Record Nos. 478, 630]  Thereafter, Demling was sentenced to a 200-month term of imprisonment under Count 2 and a 120-month term of imprisonment under Count 20. [Record No. 630]  This case is currently pending for consideration of Demling's motion for a reduction of his sentence based on 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines.  [Record No. 1004]

The focus of the subject conspiracy involved a pawn shop located in Manchester, Kentucky, and operated by Defendant Kenneth Day and several associates. [Record No. 655, p. 12] Initially, Demling was purchasing marijuana in five pound increments at $1,600 per pound an would re-sell it to others in the region. [Record No. 624, p. 1] Business was good. As a result, Demling began buying 30 to 40 pounds of marijuana per trip at a discounted price of $1,400 per pound. *Id.* Demling admits that he purchased marijuana at the pawn shop on *at least* a monthly basis. *Id.* On April 27, 2005, Demling was arrested when Kentucky State Police discovered approximately thirty pounds of marijuana and $8,019.00 in cash in his truck during a traffic stop. *Id.* In his plea agreement, Demling admitted that he received between 2,500 and 5,000 pounds (or 1,134 to 2,268 kilograms) of marijuana over a three and one-half year period. *Id.* at 2.

Based on the amount of marijuana attributed to Demling, his base offense level under § 2D1.1 of the 2005 edition of the United States Sentencing Guidelines was level 32. [Record No. 655, p. 33] After receiving a three-level reduction for acceptance of responsibility, Demling's total offense level was reduced to level 29. *Id.* Demling was placed in a criminal history category of IV for the purpose of calculating his guideline range for imprisonment which was determined to be 121-151 months. *Id.* at 37, 43.[1] However, based on a prior felony drug conviction, Demling was subject to a 240-month mandatory minimum term of imprisonment on Count 2 pursuant to 21 U.S.C. § 841(b)(1)(A). *Id.* at 43.

At sentencing, the United States moved the Court to reduce Demling's sentence pursuant to § 5K1.1 of the United States Sentencing Guidelines and 18 U.S.C. § 3553(e)

---

[1]     Counts Two and 20 were grouped for purposes of determining the base offense level pursuant to United States Sentencing Guideline § 3D1.2(d) (2005).

based on his assistance in the investigation and prosecution of others. [Record No. 793] As a result, the Court departed downward from the mandatory minimum term of 240 months, sentencing Demling to 200 months on Count 2. [Record No. 630] In imposing the sentence, the Court determined that a period of 200 months incarceration was the least term which should be imposed under the circumstances presented.

Motions under 18 U.S.C. § 3582 require the Court to conduct a two-step inquiry. *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013). First, the Court determines whether the defendant is eligible for a sentence reduction. *Id.* If the defendant is eligible, the Court must then decide "whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in [18 U.S.C.] § 3553(a)." *Id.* at 949. Here, even though Demling was originally subject to a mandatory minimum term of twenty years imprisonment, he is still eligible for a reduction under the first step of the analysis based on the United States' motion under 18 U.S.C. § 3553(e).

Where the defendant is subject to a statutory mandatory minimum that is higher than the guideline range, the mandatory minimum becomes the guideline sentence under § 5G1.1 of the guidelines. Because Amendment 782 only changed the guidelines, it has no effect on sentences based on a mandatory minimum created by statute. However, Section 1B1.10 of the United States Sentencing Guidelines states, in part, that:

> (c) Cases Involving Mandatory Minimum Sentences and Substantial Assistance.--If the case involves a statutorily required minimum sentence and the court had the authority to impose a sentence below the statutorily required minimum sentence pursuant to a government motion to reflect the defendant's substantial assistance to authorities, then for purposes of this policy statement the amended guideline range shall be determined without regard to the operation of § 5G1.1 (Sentencing on a Single Count of Conviction) and § 5G1.2 (Sentencing on Multiple Counts of Conviction).

(d) Covered Amendments.--Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, 715, 750 (parts A and C only), and 782 (subject to subsection (e)(1)).

U.S.S.G. § 1B1.10.

Therefore, because the Court sentenced Demling below the mandatory minimum term of twenty years, he is eligible for a reduction. Under Amendment 782, Demling's admitted drug quantity (1,134-2,268 kilograms of marijuana) now results in a base offense level of 30 instead of 32. With the three level reduction for acceptance of responsibility, his amended total offense level is 27, resulting in an amended non-binding guideline range of 100 to 125 months. U.S.S.G., Chapter Five, Part A.

Under the second step of the analysis, the Court considers whether a reduction is warranted based on the § 3553 sentencing factors. These factors include the seriousness of the criminal conduct, the defendant's history and characteristics, the defendant's acceptance of responsibility and cooperation, specific and general deterrence, and the need to protect the public from potential, future crimes of the defendant. 18 U.S.C. § 3553(a)(2). Here, the Court concludes that, even though Demling is eligible for a reduction under the first step of the analysis, a reduction would not be appropriate based upon the Court's reconsideration of the § 3553 factors.

Reducing Demling's sentence further would seriously undermine the seriousness of his offense. While Demling is correct that his crime was non-violent, the scope of his involvement in this drug trafficking conspiracy was significant. Demling paid Day and his associates substantial sums for large quantities of marijuana that he received on a regular basis over a lengthy period. He then distributed those large quantities of this illegal

substance to numerous individuals.  Further, this was not Demling's first federal drug conviction.  According to his plea agreement, the United States District Court for the Western District of Kentucky sentenced Demling for a similar drug trafficking offense in 1998.  [Record No. 624, p. 2]  Based on Demling's disregard for the law over a prolonged period of time, the Court is concerned that Demling will reoffend if his sentence is reduced, thus further endangering the public.  While Demling has, *at times*,[2] taken responsibility for his actions, he has already received a downward departure of forty months from the mandatory minimum in recognition of his cooperation with the government.  An even greater sentence reduction would reduce the deterrent effect of his punishment both for him and for others who might be inclined to commit a similar offense.

Demling contends that the Court should also consider his advanced age (68 years old) and his post-sentencing conduct as reasons for reducing his sentence.  [Record No. 1004]  According to Demling, he completed the residential portion of RDAP, the high intensity drug treatment program offered by the Bureau of Prisons.  *Id.* at 4.  He argues that an earlier release date would allow him to complete the residential portion of the program sooner.  *Id.* at 4-5.  He also lists a variety of vocational courses he has completed while incarcerated.  *Id.* at 5.  And while the Court is not required to consider Demling's post-sentencing conduct, it has done so here.  *See United States v. Greenwood*, 521 F. App'x 544, 547 (6th Cir. 2013) ("The court *may*, but *is not* required to, consider a defendant's post-sentencing conduct.").  However, the risks associated with reducing Demling's sentence, as explained in the Court's

---

[2]   On August 11, 2006, Demling moved the Court to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  [Record No. 778]  That motion was ultimately denied on January 2, 2008.  [Record No. 886]  Demling sought to appeal the Court's decision to the United States Court of Appeals for the Sixth Circuit but was unsuccessful in obtaining any collateral relief.  [Record Nos. 887, 897 and 912]

analysis of the § 3553 factors, overshadow Demling's positive post-sentencing conduct and advanced age. Accordingly, it is hereby

**ORDERED** that Defendant Robert Demling's motion [Record No. 1004] to reduce his sentence is **DENIED**.

This 6th day of April, 2016.

Signed By:

_**Danny C. Reeves**_   DCR

**United States District Judge**